UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JASON CARPENTER,<br><br>               Plaintiff,<br>    v.<br><br>AMERICAN FAMILY MUTUAL<br>INSURANCE COMPANY SI,<br><br>               Defendant. | CASE NO. 3:22-cv-05171-DGE<br><br>ORDER ON UNOPPOSED<br>MOTION TO STAY DISCOVERY<br>AND EXTEND DEADLINES |

This matter comes before the Court on Defendant's Unopposed Motion to Stay Discovery and Extend Deadlines.  (Dkt. No. 39.)  Defendant requests the current discovery deadline be stayed pending appraisal.  (*Id.*)  Once the appraisal is complete, Defendant requests the remaining deadlines for discovery, dispositive motions, and motions in limine be extended for 60, 90, and 120 days after the appraisal, respectively.  (Dkt. No. 39 at 3.)  The motion was filed as an unopposed motion, accompanied by a declaration in which Defendant's counsel stated: "I have conferred with Plaintiffs' counsel on the instant motion.  Although he indicated he will not stipulate to the motion due to the Court's prior admonishments as to further extensions, he indicated he would not oppose the motion."  (Dkt. No. 40 at 2.)

Plaintiffs then filed a "Conditional Non-Opposition" to the motion, in which they "generally" do not oppose motions "seeking a reasonable extension of time."  (Dkt. No. 41 at 1.)  But Plaintiffs do not agree to stay discovery until after appraisal has concluded and do not agree to a second round of depositions after appraisal as proposed by Defendant.  (*Id.*)  Defendant's motion, therefore, is not "unopposed" despite Defendant's representations.

1   A scheduling order was initially entered on July 15, 2022, setting the discovery deadline to June 5, 2023. (Dkt. No. 13 at 1.) Ten months later, the parties filed a stipulated motion to extend deadlines (Dkt. No. 14), which this Court granted, setting the new discovery deadline to March 5, 2024 (Dkt. No. 21 at 1) and cautioning the parties to adhere to this new deadline (Dkt. No. 20.) Since that extension was given, Defendant has conducted only a single deposition. (Dkt. No. 41 at 2.) Defendant waited until February 29, five days before the discovery cutoff, to seek an indefinite stay and an additional two-month extension to the discovery deadline that has already been extended by nine months. The deadline for motions relating to discovery passed February 5, 2024. Defendant's motion is therefore untimely. Additionally, Defendant asserts the parties "did not anticipate the appraisal process taking this length of time and it was anticipated the appraisal would be complete with sufficient time to conduct remaining discovery." (Dkt. No. 39 at 3.) This is not sufficient justification to refrain from engaging in discovery for nearly a year and failing to file this motion before the February 5 deadline.

   Accordingly, Defendant's "unopposed" motion to extend the discovery deadlines is **DENIED.** The discovery cutoff date remains March 5, 2024, and the Court will not entertain motions relating to discovery given the already-passed February 5, 2024 deadline.

   Dated this 4th day of March 2024.



David G. Estudillo
United States District Judge

ORDER ON UNOPPOSED MOTION TO STAY DISCOVERY AND EXTEND DEADLINES - 2